1   Yaw-Jiun (Gene) Wu (# 228240)
      gwu@afrct.com
2   D. Dennis La (# 237927)
      dla@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
7   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor by
8   merger with Wells Fargo Bank Southwest, N.A.,
    formerly known as Wachovia Mortgage, FSB,
9   formerly known as World Savings Bank, FSB
    ("Wells Fargo")

10                  UNITED STATES DISTRICT COURT

11                  EASTERN DISTRICT OF CALIFORNIA

12

13   RICHARD MCGUINESS, an individual;      Case No.:  1:15-CV-00390-AWI-GSA
     And MELODY MCGUINESS,
14                                           **DEFENDANT WELLS FARGO'S NOTICE
                                             OF MOTION AND MOTION TO DISMISS
15                  Plaintiff,               COMPLAINT; MEMORANDUM OF
                                             POINTS AND AUTHORITIES**
16   v.
                                             **[Filed Concurrently With Request For
17                                           Judicial Notice]**

18   WELLS FARGO BANK, N.A., a business      Date:       April 27, 2015
     entity; and DOES 1 through 10 inclusive, Time:       1:30 p.m.
19                                           Ctrm:       2, 8th Floor
                    Defendants.
20

21

22   TO PLAINTIFFS, THEIR COUNSEL, AND THE HONORABLE COURT:

23          PLEASE TAKE NOTICE that on April 27, 2015, at 1:30 p.m. in Courtroom 2 of the

24   above-entitled Court, the Hon. Anthony W. Ishii, presiding, defendant Wells Fargo Bank, N.A.,

25   successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB,

26   f/k/a World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for relief in the

27   complaint filed by plaintiffs Richard McGuiness and Melody McGuiness pursuant to Federal

28   Rules of Civil Procedure 12(b)(6) and 9(b).  Grounds for the motion are:

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    **First Claim for Relief: Unfair Business Practices (Violation of Business and**

2    **Professions Code § 17200).**

3         Plaintiffs fail to state a claim for relief because: (i) plaintiffs lacks standing to bring a

4    claim under Business & Professions Code; and (ii) the pleadings fail to allege a predicate

5    unlawful, unfair, and/or fraudulent business act of Wells Fargo.

6         **Second Claim for Relief: Negligence.**

7         Plaintiffs fail to state a claim for relief because: (i) Wells Fargo does not owe a legal duty

8    to plaintiffs as a matter of law; and (ii) plaintiffs fail to articulate damages.

9         **Third Claim for Relief: Rosenthal Act (Violation of Cal. Civ. Code §1788).**

10        Plaintiffs fail to state a claim for relief because: (i) the Rosenthal Act does not apply to

11   this action; and (ii) proceeding with a non-judicial foreclosure does not constitute "debt

12   collection" within the meaning of the Rosenthal Act.

13

14                                          Respectfully submitted,

15   Dated: March 18, 2015                  ANGLIN, FLEWELLING, RASMUSSEN,
                                            CAMPBELL & TRYTTEN LLP
16

17                                          By:   _/s/ D. Dennis La_____
                                                  D. Dennis La
18                                                dla@afrct.com
                                            Attorneys for Defendant
19                                          WELLS FARGO BANK, N.A., successor by
                                            merger with Wells Fargo Bank Southwest, N.A.,
20                                          f/k/a Wachovia Mortgage, FSB, f/k/a World
                                            Savings Bank, FSB ("Wells Fargo")
21

22

23

24

25

26

27

28

CASE NO. 1:15-CV-00390-AWI-GSA
WELLS FARGO'S MOTION TO DISMISS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## TABLE OF CONTENTS

Page No.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO. 1:15-CV-00390-AWI-GSA
WELLS FARGO'S MOTION TO DISMISS

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Ashcroft v. Iqbal,*
5
    556 U.S. 662 (2009)............................................................................................2, 3

6
*Becker v. Wells Fargo Bank NA, Inc.,*
    2014 U.S. Dist. LEXIS 109287 (E.D. Cal. June 6, 2014).........................................8

7

8
*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................................2, 3

9
*Birdsong v. Apple, Inc.,*
10
    590 F.3d 955 (9th Cir. 2009) ...................................................................................5

11
*Chabner v. United Omaha Life Ins. Co.,*
    225 F.3d 1042 (9th Cir. 2000) .................................................................................6

12

13
*Collins v. Power Default Services, Inc.,*
    2010 WL 234902 (N.D. Cal. 2010) .......................................................................10

14
*Davidson v. JP Morgan Chase N.A.,*
15
    2011 WL 5882678 (N.D. Cal. 2011) .....................................................................10

16
*DeLeon v. Wells Fargo Bank, N.A.,*
    729 F. Supp. 2d 1119 (N.D. Cal. 2010) ..................................................................5

17

18
*Escobedo v. Countrywide Home Loans, Inc.,*
    2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009)......................................3

19
*Gopar v. Nationstar Mortg., LLC,*
20
    2014 U.S. Dist. LEXIS 54420 (S.D. Cal. Apr. 17, 2014).........................................9

21
*Hennington v. Greenpoint Mortg. Funding, Inc.,*
    2009 WL 1372961 (N.D. Ga. May 15, 2009)........................................................10

22
*Izenberg v. ETS Services,*
23
    LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008)........................................................10

24
*Kearns v. Ford Motor Co.,*
    567 F. 3d 1120 (9th Cir. 2009) ...............................................................................6

25

26
*Lal v. Amer. Home Servicing, Inc.,*
    2010 WL 225524 (E.D. Cal. 2010).......................................................................10

27
*Maomanivong v. Nat'l City Mortg. Co.,*
28
    2014 U.S. Dist. LEXIS 130513 (N.D. Cal. Sept. 15, 2014) ....................................9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Melegrito v. CitiMortgage Inc.*,
2011 U.S. Dist. LEXIS 60447 (N.D. Cal. June 6, 2011) ........................................6

*Qureshi v. Countrywide Home Loans, Inc.*,
2010 U.S. Dist. LEXIS 21843 (N.D. Cal. March 10, 2010) ..................................6

*Reyes v. Wells Fargo Bank, N.A.*,
2011 U.S. Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011) .........................................4

*Ricon v. Recontrust Co.*,
2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009) ....................................10

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ..............................................................................3

*Sutcliffe v. Wells Fargo Bank, N.A.*,
283 F.R.D. 533 (2012) ..........................................................................................4

*Villa v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) ...................................3

**STATE CASES**

*Aas v. Superior Court*,
24 Cal.4th 627 (2000) ...........................................................................................9

*Alvarez v. BAC Home Loans Servicing, L.P.*,
228 Cal.App.4th 941 (2014) ..............................................................................7, 8

*Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP*,
59 Cal.4th 568 (2014) ...........................................................................................9

*Biakanja v. Irving*,
49 Cal.2d 647 (1958) .........................................................................................8, 9

*Bily v. Arthur Young & Co.*,
3 Cal.4th 370 (1992) .............................................................................................9

*Bower v. AT&T Mobility, LLC*,
196 Cal.App.4th 1545 (2011) ...............................................................................5

*Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ..........................................................................................7

*Farmers Ins. Exch. v. Super. Court*,
2 Cal. 4th 377 (1992) ............................................................................................6

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) ............................................................................5, 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Ingels v. Westwood One Broadcasting Servs., Inc.*,
129 Cal. App. 4th 1050 (2005) ....................................................................6

*Jolley v. Chase Home Finance, LLC*,
213 Cal. App. 4th 872 (2013) ......................................................................8

*Lazar v. Superior Court*,
12 Cal.4th 631 (1996) ..................................................................................7

*Lueras v. BAC Home Loans Servicing, LP*,
221 Cal. App. 4th 49 (2013) .....................................................................8, 9

*Nymark v. Heart Fed. Sav. & Loan Ass'n*,
231 Cal. App. 3d 1089 (1991) ..................................................................8, 9

*Perlas v. GMAC Mortg., LLC*,
187 Cal. App. 4th 429 (2010) ......................................................................4

**FEDERAL STATUTES**

15 U.S.C. § 1692a(6) ...................................................................................10

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...............................................................5, 6

Cal. Civ. Code §1788 ..................................................................................10

Cal. Civ. Code § 2923.4 ................................................................................3

Cal. Civ. Code §§ 2923.55, 2923.6 ..............................................................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO. 1:15-CV-00390-AWI-GSA
WELLS FARGO'S MOTION TO DISMISS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **1.    INTRODUCTION**

3       This action arises from a $488,000 secured loan that Wells Fargo Bank, N.A.'s ("Wells

4   Fargo") predecessor, World Savings Bank, FSB ("World Savings"), made to plaintiffs in May

5   2007.

6       In the complaint, plaintiffs allege that "[h]ad the Defendants permitted a modification,

7   Plaintiffs would have been allowed" to "reinstate their loan."  (Comp. ¶ 26.)

8       For the reasons briefed below, the complaint should be dismissed without leave to

9   amend.  Among other defects, plaintiffs' claims are fatally vague and are otherwise not

10  cognizable as a matter of law.  The motion should be granted accordingly.

11  **2.    SUMMARY OF PLEADINGS AND JUDICIALLY NOTICEABLE DOCUMENTS**

12  **A.    The Loan.**

13      On May 9, 2007, plaintiffs borrowed $488,000 from World Savings.  The loan was

14  secured by a deed of trust recorded against 4117 Ballard Drive, Modesto, CA 95356

15  ("Property").  A true and correct copy of the deed of trust is attached to the accompanying

16  Request for Judicial Notice ("RJN") as Exhibit A.

17      In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  It

18  subsequently changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells

19  Fargo Bank, N.A. in November 2009.  (RJN, Exhs. B, C, D, E, and F are true and correct copies

20  of: (i) a Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift

21  Supervision, Department of the Treasury ("OTS"), (ii) a letter dated November 19, 2007, on the

22  letterhead of the OTS authorizing a name change from World Savings Bank, FSB to Wachovia

23  Mortgage, FSB, (iii) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007 signed

24  by the OTS, (iv) an Official Certification of the Comptroller of the Currency stating that,

25  effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank

26  Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. and (v) a page from

27  the F.D.I.C. website showing a history of World Savings and its merger with Wells Fargo.)

28

**B.**     <u>Plaintiffs' Claims.</u>

In the complaint, plaintiffs basically allege four claims which are carried forward through all claims for relief:

- "Plaintiffs attempted to refinance their loan and were turned down."  (Comp. ¶ 17);

- "They sought assistance from Keep Your Home California (KYHC) for reinstatement assistance and were approved, conditioned on a modification by Defendants."  (Comp. ¶ 18);

- "Defendants refused to review Plaintiff [sic] for a modification and did not accept any funds from KYHC.  Defendants did not give a reason to KYHC or to Plaintiffs for the denial."  (Comp. ¶ 19); and

- "Plaintiffs recently applied for a modification; however, Defendants did not accept any new information or proof of income and used old information to make their decision to deny the modification request."  (Comp. ¶ 20.)

As briefed below, none of plaintiffs' three claims for relief is actionable.

## 3.     <u>STANDARD GOVERNING MOTION</u>

Although the complaint need not contain detailed allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis added).  In short, it must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.*, at 570.  The "plausibility" requirement governs complaints in all federal civil actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 883-884 (2009).

In determining the "plausibility" of a complaint, the court must first identify which statements in the complaint are factual allegations and which are legal conclusions.  Courts are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations.  *Ashcroft, supra*, at 884.  Second, the court, drawing "on its judicial experience and common sense," must decide in the specific context of the case whether the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 1:15-CV-00390-AWI-GSA
MEMO. OF POINTS AND AUTHORITIES

factual allegations, if assumed true, allege a plausible claim. *Id.* The plausibility standard is not the equivalent to a "probability requirement," but requires more than a mere possibility that the defendant has acted unlawfully. *Id.*

Moreover, the factual allegations in the complaint must be sufficient to nudge plaintiff's "claims across the line from conceivable to plausible . . ." *Bell Atlantic Corp., supra*, at 570. Under the standards adopted by the Supreme Court, in order to be entitled to the presumption of truth, the complaint "must contain allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**4.   THERE IS NO CALIFORNIA OR FEDERAL LAW MANDATING A LOAN MODIFICATION**

As a threshold matter, plaintiffs' contention that they are entitled to a modification is not actionable. Not only does the complaint make clear that plaintiffs were in fact reviewed and denied (Comp. ¶¶ 17, 20), but there is simply no California or federal law that entitles plaintiffs to a modification as suggested.

The Home Affordable Modification Program ("HAMP") does not mandate a lender to modify all mortgages that meet eligibility requirements. Rather, "[p]articipating servicers are required to *consider* all eligible loans under the program guidelines unless prohibited by the rules of the applicable PSA and/or other investor servicing agreements." *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, at *7 (S.D. Cal. Dec. 15, 2009); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at *7 (S.D. Cal. Mar. 15, 2010) ("the HAMP agreement did not require loan servicers to modify eligible loans; thus . . . the borrowers lacked standing to enforce the agreement.") As a result, the *Escobedo* and *Villa* courts both granted the banks' motions to dismiss with prejudice.

Likewise, under the California Homeowners Bill of Rights ("HBOR"), Civil Code § 2923.4 imposes no binding obligations on lenders (while "borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any…[n]othing in the act…shall be interpreted to require a particular result of that process.")

CASE NO.: 1:15-CV-00390-AWI-GSA
MEMO. OF POINTS AND AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Accordingly, plaintiffs' claim that Wells Fargo did not "review an application for

2  modification or accept other assistance such as the KYHC funds that would have allowed

3  Plaintiffs to reinstate their loan" (Comp. ¶ 26) is not legally cognizable.

4    What is more, plaintiffs' claim that they "would have been allowed to keep their home,

5  indefinitely without further problems" fails.  (Comp. ¶ 26.)  In *Perlas v. GMAC Mortg., LLC*,

6  187 Cal. App. 4th 429 (2010), the court determined that a lender does not owe a borrower any

7  duty of care to ensure borrower's financial ability to repay a loan.  In *Perlas*, the

8  plaintiffs/borrowers sued under a theory that they could rely on their qualification for a loan as a

9  determination that they could in fact afford the loan.  *Id.*, at 436.  The court rejected this claim,

10  holding a lender is under no duty "to determine the borrower's ability to repay the loan…the

11  lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the

12  lender's protection, not the borrower's."  (citations omitted.)  *Id.*

13    Like *Perlas*, Wells Fargo did not owe a legal duty to ensure their ability to maintain their

14  mortgage.  Plaintiffs' complaint is defective from the onset.

15    Further, plaintiffs contend that they suffered "general damages and financial loss…as

16  they face foreclosure of their home" cannot survive.  (Comp. ¶ 34.)  However, "faci[ng]

17  foreclosure" does not amount to an actual injury.  Continued payment of their mortgage

18  constitutes nothing more than plaintiffs' performance of their loan obligations.  *Sutcliffe v. Wells*

19  *Fargo Bank, N.A.,* 283 F.R.D. 533, 553 (2012); *Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist.

20  LEXIS 2235, at *48 (N.D. Cal. Jan. 3, 2011) ("It is well established…that where the money paid

21  under an agreement was already owed under a prior agreement, it is not consideration and cannot

22  support a claim for damages.").

23    In fact, plaintiffs admit that their financial difficulties started in 2013.  (Comp. ¶ 16.)  In

24  other words, Wells Fargo did not cause any "damages to their credit score and an increase in

25  stress and anxiety" as alleged.  (Comp. ¶ 34.)  Without this necessary foundation, plaintiffs'

26  allegations are not actionable.  The motion should be granted.

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5. **EACH CLAIM FOR RELIEF FAILS AS A MATTER OF LAW**

In addition to the "global" bars above belying the claims for relief of the FAC, each claim fails on further grounds below.

A. **First Claim for Relief: Unfair Business Practices (Violation of Business and Professions Code § 17200).**

In support of the third claim, plaintiffs allege that "Defendants act in an unfair manner when they refuse to review an application for modification…" (Comp. ¶ 26.) Plaintiffs also allege that Wells Fargo's "employees make threatening and harassing phone calls to the Plaintiffs." (Comp. ¶ 25.) These allegations fail for several reasons.

As a preliminary matter, plaintiffs lack standing to bring an unfair competition ("UCL") claim for relief. The pleadings are devoid of facts showing Wells Fargo caused actual loss to plaintiffs – which is essential to bring an UCL claim. *Hall v. Time, Inc.*, 158 Cal. App. 4th 847 (2008); *Bower v. AT&T Mobility, LLC,* 196 Cal.App.4th 1545, 1554 (2011) (in order to establish standing under the UCL, a private plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that economic injury was the result thereof, i.e. cause by, the unfair business practice…")

Here, plaintiffs did not suffer an actual loss, as they borrowed money in 2007 and has not repaid the loan. Plaintiffs therefore lack standing to bring a UCL claim. *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119 (N.D. Cal. 2010) ("the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default . . . it does not appear that [the bank's] conduct resulted in a loss of money or property. For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed.") As plaintiffs cannot articulate a financial loss, the UCL claim fails from the start.

Assuming *arguendo* plaintiffs are found to have standing, the complaint fails to establish a predicate unfair, unlawful, or fraudulent business practice required for an UCL claim. *Birdsong v. Apple, Inc.,* 590 F.3d 955, 959 (9th Cir. 2009) ("Each prong of the UCL is a separate and distinct theory of liability.")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

i.    **Plaintiffs Fail To Plead A Claim Under The "Unlawful Prong."**

The "unlawful" prong borrows statutory or constitutional claims from elsewhere. *Melegrito v. CitiMortgage Inc.*, 2011 U.S. Dist. LEXIS 60447, at \*24 (N.D. Cal. June 6, 2011). "A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law." *Ingels v. Westwood One Broadcasting Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) (citations omitted).

Here, plaintiffs are unable to allege any specific unlawful business activity.  As discussed above, there is no California or federal law exists compelling a lender to modify a borrower's loan under HAMP, the HBOR, or otherwise.  Further, as discussed below, plaintiffs' third claim for relief under the Rosenthal Act fails as a matter of law as the statute is inapplicable to this case.

Accordingly, plaintiffs are incapable of attaching an unlawful business practice of Wells Fargo to support the UCL claim for relief.  *Farmers Ins. Exch. v. Super. Court,* 2 Cal. 4th 377, 383 (1992); *Chabner v. United Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir. 2000) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.")

ii.    **Plaintiffs Fail To Plead A Claim Under The "Fraudulent Prong."**

Likewise, plaintiffs cannot articulate a "fraudulent" business activity of Wells Fargo. The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff.  *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008). Here, plaintiffs fail to establish any deceptive practice.  No facts exist showing Wells Fargo engaged in any practice that actually deceived plaintiffs and/or caused them harm.  Thus it is unclear how any "fraud" was committed.

Moreover, the complaint lacks the requisite specificity to support a "fraudulent" business practice.  *Qureshi v. Countrywide Home Loans, Inc.,* 2010 U.S. Dist. LEXIS 21843, at \*20 (N.D. Cal. March 10, 2010) (UCL claims are subject to the heightened pleading requirements of Rule 9(b)); *Kearns v. Ford Motor Co.,* 567 F. 3d 1120, 1125 (9th Cir. 2009).  Where, as here, fraud is alleged against a corporation, the complaint must also allege: (1) the names of the persons who

1   made the misrepresentations; (2) their authority to speak for the corporation; (3) to whom they

2   spoke; (4) what they said or wrote; and (5) when it was said or written.  *Lazar v. Superior Court*,

3   12 Cal.4th 631, 645 (1996).

4         As seen from the complaint, plaintiffs' allegations fall far short of the specificity

5   required.  *Lazar, supra,* at 645.  Plaintiffs therefore cannot establish the fraudulent prong of their

6   UCL claim.

7              **iii.    Plaintiffs Fail To Plead A Claim Under The "Unfair Prong."**

8         Lastly, the pleadings fail to articulate an "unfair" business activity of Wells Fargo.  The

9   "unfair" prong applies where an ongoing business practice allegedly violates "the policy or spirit

10  of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise

11  significantly threatens or harms competition."  *Cel-Tech Commc'ns, Inc., v. L.A. Cellular Tel.*

12  *Co*., 20 Cal. 4th 163, 187 (1999).  As explained in *Cel-Tech,* the "unfair" prong applies to

13  business practices that offend an established "public policy or when the practice is immoral,

14  unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.,* at 184 (citations

15  omitted).  Furthermore, the "unfair" business practice must be "tethered" to a constitutional

16  provision, statute or regulation.  *Id.* at 185.

17        Here, plaintiffs fail to "tether" any unfair business practice to a constitutional provision,

18  statute, or regulation.  Plaintiffs' claims are legally barred as discussed above.  As no facts exist

19  showing any improper act of Wells Fargo, the complaint fails to demonstrate an act or practice

20  that is committed pursuant to a business activity and, at the same time, is forbidden by law or

21  tethered to some express public policy.  *Id.*

22        As the complaint fails to articulate a predicate unlawful, fraudulent, and/or unfair act of

23  Wells Fargo, the UCL claim for relief should be dismissed.

24  **B.    Second Claim for Relief: Negligence.**

25        In support of the second claim, plaintiffs allege that Wells Fargo was negligent "in the

26  processing of their requested loan modification by failing to use updated financial information

27  and by failing to complete a fair review."  (Comp. ¶ 33.)  Plaintiffs cite *Alvarez v. BAC Home*

28  *Loans Servicing, L.P.,* 228 Cal.App.4th 941 (2014) to impose a legal duty in this case, which the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Court should disregard here.[1]  The imposition of a legal duty in a loan modification context has

2   "been discounted by the large majority of the courts that have subsequently addressed the issue."

3   *Becker v. Wells Fargo Bank NA, Inc.*, 2014 U.S. Dist. LEXIS 109287 (E.D. Cal. June 6, 2014);

4   *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013) ("We conclude a

5   loan modification is the renegotiation of loan terms, which falls squarely within the scope of a

6   lending institution's conventional role as a lender of money…")

7           California law is well-settled that "a financial institution owes no duty of care to a

8   borrower when the institution's involvement in the loan transaction does not exceed the scope of

9   its conventional role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231

10  Cal. App. 3d 1089, 1095 (1991).

11          After acknowledging the general rule of no duty of care, the Court of Appeal in *Nymark*

12  still considered the *Biakanja* principles because there was no privity between the plaintiff and

13  lender when the lender conducted the property appraisal that was the subject of the negligence

14  claim.  *Nymark, supra*, at 1092–93.  The appraisal had been generated when the plaintiff Hans

15  Nymark was an *applicant* for a loan, and *not yet* a borrower.  *Id.,* at 1093.  The plaintiff executed

16  a promissory note *after* the loan application was approved following the property appraisal

17  conducted by the lender.  *Id.*

18          In stark contrast here, plaintiffs and Wells Fargo are in privity of contract, and have been

19  since 2007.

20          Accordingly, the *Biakanja* factors are not properly evaluated in a traditional lender-

21  borrower relationship where there is privity of contract, and when a bank's involvement in the

22  loan transaction does not exceed the scope of its conventional role as a mere money lender.

23  Indeed, *Biakanja* itself states that its list of factors is applicable to "[t]he determination whether

24  in a specific case the defendant will be held liable to *a third person not in privity* . . ."  *Biakanja*

25

26  [1] The First Appellate District's recent opinion in *Alvarez* merely adopts the logic of another case,
    *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 897-906 (2013), to find that the
27  *Biakanja* factors must be applied in every case as part of the duty of care analysis.  *Id.*, at 945.
    However, this impermissibly seeks to expand *Biakanja,* and departs from controlling precedent
28  without justification, reasoning, or analysis.

CASE NO.: 1:15-CV-00390-AWI-GSA
MEMO. OF POINTS AND AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  *v. Irving*, 49 Cal.2d 647, 650 (1958) (emphasis added); *see also, Beacon Residential Community*

2  *Assn. v. Skidmore, Owings & Merrill LLP,* 59 Cal.4th 568, 578 (2014) ("*Biakanja* set forth a list

3  of factors that inform whether a duty of care exists between a plaintiff and a defendant *in the*

4  *absence of privity*." (emphasis added)); *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 407 (1992)

5  (applying *Biakanja* factors to limit the duty of care owed by auditing firms to non-client third

6  parties); *Aas v. Superior Court*, 24 Cal.4th 627, 643-44 (2000) (noting that *Biakanja* factors are

7  applicable when the defendant is not in privity with the plaintiff).

8         The Court of Appeal in *Lueras* also found no basis to find a duty of care owed by a

9  lender to a borrower in the servicing of a loan.  In *Lueras,* the plaintiff alleged claims including

10  negligence arising from the lender's foreclosure of property after conclusion of a modification

11  review.  The court applied the conventional "money lender" test and held that lenders do not

12  have a common-law duty of care to offer, consider, or approve a loan modification, to offer

13  foreclosure alternatives, or to handle loans so as to prevent foreclosure.  *Lueras, supra,* at 68.

14  The Court ruled in pertinent part:

15              We conclude a loan modification is the renegotiation of loan terms, which
             falls squarely within the scope of a lending institution's conventional role
16              as a lender of money.…  The Biakanja factors do not support imposition
             of a common law duty to offer or approve a loan modification… [or] a
17              duty of care to handle [a borrower's] loan in such a way to prevent
             foreclosure and forfeiture of his property.  *Id.,* at 63.

18

19  *See also, Gopar v. Nationstar Mortg., LLC*, 2014 U.S. Dist. LEXIS 54420, at *16 (S.D. Cal.

20  Apr. 17, 2014) (finding no duty of care owed by lender to borrower); *Maomanivong v. Nat'l City*

21  *Mortg. Co.*, 2014 U.S. Dist. LEXIS 130513, at *48-49 (N.D. Cal. Sept. 15, 2014) (affirming

22  *Lueras* because it closely comported with the analysis under *Nymark*).

23         This Court too should decline plaintiffs' suggestion to expand *Nymark,* thereby

24  diminishing the general rule of no duty of care where a lender acts within the scope of its role as

25  a lender of money.  Otherwise, imposing such a duty would be tantamount to "read[ing] []

26  additional requirements into the non-judicial foreclosure statute." *Lueras, supra*, at 68.

27         And as discussed above, plaintiffs fail to plead damages in the complaint.  The second

28  claim for relief should therefore be dismissed.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**C.**     <u>Third Claim for Relief: Rosenthal Act (Violation of Cal. Civ. Code §1788).</u>

Plaintiffs allege that "Defendants have made repeated calls to Plaintiffs' cell phones throughout the day and night, but no one on the other end of the call wants to have a reasonable conversation with Plaintiffs about their mortgage and/or options for payment.  Rather, the callers harangue, yell, and abuse Plaintiffs with inappropriate comments…"  (Comp. ¶ 43.)  "Defendants' representative Ryan Kiessenger (spelling unsure) threatened to foreclose on the Plaintiffs' home and have them immediately locked out by the sheriff if they didn't pay their mortgage.  Mr. Kiessenger's threats are without merit as no Notice of Default has been recorded and an immediate lock out is not permissible under California law."  (Comp. ¶ 44.)

These allegations are not cognizable, as the Rosenthal Act does not apply to Wells Fargo in this action.  *Ricon v. Recontrust Co.*, 2009 U.S. Dist. LEXIS 67807 (S.D. Cal. Aug. 4, 2009).  Courts agree that enforcing a deed of trust or proceeding with a non-judicial foreclosure is not "debt collection" within the meaning of either the state or federal debt collection acts as a matter of law.  *Izenberg v. ETS Services*, LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); *Collins v. Power Default Services, Inc.,* 2010 WL 234902, *3 (N.D. Cal. 2010) ("foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA.").  The statutory scheme does not apply to a consumers' creditors, mortgage servicers, or assignees of debts.  *See  Davidson v. JP Morgan Chase N.A.,* 2011 WL 5882678, *3 (N.D. Cal. 2011) (""Non-judicial foreclosure does not constitute "debt collection" for purposes of the FDCPA."); *Lal v. Amer. Home Servicing, Inc.,* 2010 WL 225524, *5 (E.D. Cal. 2010) (""FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.'"); *Hennington v. Greenpoint Mortg. Funding, Inc.,* 2009 WL 1372961, *6 (N.D. Ga. May 15, 2009) (citing 15 U.S.C. §1692a(6), and finding, "Defendants were not debt collectors because they were attempting to collect their own debt from Plaintiff.").

Here, as in the cases above, Wells Fargo is merely enforcing its rights under the loan, secured by a deed of trust (RJN, Exh. A).  As this does not amount to "debt collection" under the Rosenthal Act, the final claim for relief should be dismissed without leave to amend.

CASE NO.: 1:15-CV-00390-AWI-GSA
MEMO. OF POINTS AND AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

6.  **CONCLUSION**

For all of the foregoing reasons, Wells Fargo respectfully requests an order granting the motion and dismissing all claims for relief without leave to amend.

Respectfully submitted,

Dated: March 18, 2015                     ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP


                                          By:  _/s/ D. Dennis La_____
                                               D. Dennis La
                                               dla@afrct.com
                                          Attorneys for Defendant
                                          WELLS FARGO BANK, N.A., successor by
                                          merger with Wells Fargo Bank Southwest, N.A.,
                                          f/k/a Wachovia Mortgage, FSB, f/k/a World
                                          Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.: 1:15-CV-00390-AWI-GSA
MEMO. OF POINTS AND AUTHORITIES

**CERTIFICATE OF SERVICE**

    I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

    On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

*Counsel for Plaintiffs:*

Erickson M. Davis
Amy Bingham
REAL ESTATE LAW CENTER, PC
695 South Vermont Avenue, Suite 1100
Los Angeles, California 90005
Tel: (213) 201-6377 | Fax: (866) 840-0378
amy@lenderlawlitigation.com

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on March 18, 2015.

| | |
|---|---|
| Rachelle H. Guillory | */s/ Rachelle H. Guillory* |
| (Type or Print Name) | (Signature of Declarant) |