UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MCGUINESS, an individual, and MELODY MCGUINESS,<br><br>Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, NA, a business entity and DOES 1 to 10, inclusive,<br><br>Defendants | CASE NO. 1:15-CV-00390- AWI-GSA<br><br>ORDER GRANTING JOINT STIPULATION REQUESTING THE REMAND OF THE FEDERAL ACTION TO THE STATE COURT<br><br>(Doc. 10) |

Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Defendants") removed this case from the Superior Court of Stanislaus County on March 11, 2015. See Doc. 1. Defendants asserted that the basis for removal was the presence of diversity jurisdiction under 28 U.S.C. § 1332. See id. On April 10, 2015, Richard McGuiness and Melody McGuiness ("Plaintiffs") filed a Motion for Remand to Superior Court and Request for Payment of Attorney's Fees by Defense Counsel in the Amount of $2,500.00. See Doc. 8. On April 17, Defendants filed a joint stipulation requesting the remand of the federal action to the state court. See Doc. 10.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule.

1  Caterpiller, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists
2  only when a federal question is presented on the face of plaintiff's properly pleaded complaint."
3  Id. at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a
4  claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v.
5  Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the
6  claim."  Caterpiller, 482 U.S. at 392.  There is no federal question jurisdiction simply because
7  there is a federal defense to the claim.  Id. at 392.  The only exception to this rule is where the
8  plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a
9  federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc.,
10  813 F.2d 1368, 1372 (9th Cir. 1987).

11  The complaint here contains state law claims for unfair business practices (Cal. Bus. &
12  Prof. Code § 17200 et seq.), negligence, and violations of the Rosenthal Act (Cal. Civ. Code
13  § 1788).  No federal claim is alleged.  As such, this court does not have jurisdiction over this
14  matter on the basis of federal question jurisdiction.  This court will now consider whether it has
15  diversity jurisdiction over the matter.

16  Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have a
17  different citizenship from all defendants and that the amount in controversy exceed $75,000.  See
18  28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).  In
19  attempting to invoke federal diversity jurisdiction, defendants must prove that there is complete
20  diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.
21  28 U.S.C. § 1332.  When an action has been removed and the amount in controversy is in doubt,
22  there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer
23  jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury
24  Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938).  "When not facially evident from the
25  complaint that more than $75,000 is in controversy, the removing party must prove, by a
26  preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."
27  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "Conclusory
28  allegations must provide evidence establishing that it is 'more likely than not' that the amount in

controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Indeed, "when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

Plaintiffs originally filed this litigation in Stanislaus County Superior Court by filing their complaint in Limited Civil Jurisdiction, which limits damages recoverable to $24,999.00. In their motion to remand, Plaintiffs state that they "are seeking an order requiring Defendants to act appropriately under California State law and to uphold their duty of care required once they accept a loan modification application." See Complaint, 5:4-6. Further, "[u]nder no circumstances have Plaintiffs sought to 'invalidate a loan secured by a deed of trust' . . . Nor have Plaintiffs sough[t] to cancel a deed of trust or enjoin the bank from selling or transferring the property." See id. at 5:1-4. Accordingly, the jurisdictional amount has not been met in this case. See also Alex v. JP Morgan Chase & Co., 2:14-cv-01402-CAS-VBK; Doherty v. Ocwen Financial Corp., 2:14-cv-7118-PA-E.

After consideration of the Stipulation of Plaintiffs and Defendants and good cause appearing the Court ORDERS as follows:

1. The parties' Stipulation to remand the instant action back to the State Court is GRANTED;
2. All pending hearing dates for this matter are VACATED;
3. The case will be remanded to the Superior Court of California, County of Stanislaus, Case No. 2012731, forthwith; and
4. The request for payment of attorney's fees is DENIED.

IT IS SO ORDERED.

Dated:   April 20, 2015                               _____
                                                          SENIOR DISTRICT JUDGE